IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN VINCENT MARINO, II,

    Petitioner,

v.                                        Civil Action No. 2:04CV3
                                            (Criminal Action No. 2:02CR28)
                                                           (STAMP)

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I. Procedural History

On January 21, 2004, pro se petitioner, John Vincent Marino, II, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This Court referred the case to United States Magistrate Judge John S. Kaull, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of this matter. On November 12, 2004, the magistrate judge issued a report and recommendation stating that the petitioner's motion should be denied.

Magistrate Judge Kaull informed the petitioner that if he objected to any portion of the recommendation for disposition, he must file written objections within ten days after being served with a copy of the recommendation. The petitioner filed his objections to the magistrate judge's report on November 26, 2004.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's

recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Facts

On October 30, 2002, the petitioner entered a plea of guilty to a one-count Information charging him with bank fraud, in violation of 18 U.S.C. § 1344, pursuant to a plea agreement that he signed on August 27, 2002. Under the terms of the plea agreement, the government agreed to make the following nonbinding recommendations: (1) the government would concur in a recommendation by the probation officer for a three-level reduction for acceptance of responsibility, pursuant to United States Sentencing Guideline § 3E1.1; (2) any fine imposed should be at the minimum end of the guideline range; (3) the petitioner should be sentenced to a period of incarceration at the minimum end of the guideline range; and (4) the petitioner should be sentenced to the minimum period of supervised release.

The language of the plea agreement also advised the petitioner that he faced a statutory maximum sentence of thirty years imprisonment. By signing the agreement, the petitioner also

acknowledged that no one had represented to him what sentence he would receive. The petitioner also agreed to a waiver of appellate rights and a waiver of the his right to collaterally attack his sentence if this Court found that the applicable range of imprisonment under the United States Sentencing Guidelines was level 14 or less. After the hearing, Magistrate Judge Kaull entered a report finding that the petitioner's plea was voluntarily and freely given, that he understood the consequences of the guilty plea, and that a factual basis for the plea existed. He recommended that the petitioner's plea of guilty be accepted. This Court accepted and adopted the magistrate judge's report and recommendation by an order dated November 18, 2002.

This Court held a sentencing hearing for the petitioner on January 22, 2003. At the hearing, the petitioner's attorney requested a downward departure under the Guidelines and also asked the Court to give the petitioner credit for sums that the bank collected that were not on the basis of fraudulent invoices. This Court denied this motion on the grounds that the petitioner had not presented sufficient evidence to show that the amounts recovered by the bank necessarily impacted the amount of restitution owed. This Court noted that the petitioner had filed no objection with respect to the amount of restitution stated in the Presentence Report ("PSR").

The Court found that the petitioner was subject to a base offense level of 6, which the Court enhanced by 10 levels because

the loss exceeded $120,000.00. This Court then granted the petitioner a three-level reduction for acceptance of responsibility. The Court found that the petitioner had a criminal history level of I, based on zero criminal history points. The Court noted that the petitioner's sentencing range was from 12 to 18 months. The Court sentenced the petitioner to 12 months imprisonment, to be followed by five years of supervised release. He was also ordered to pay restitution in the amount of $127,981.78.

On February 19, 2003, the petitioner's counsel filed motions for an expedited hearing and to present evidence, to correct sentencing, and for a stay of the execution of the sentence. In his motion to correct sentencing, he argued that the bank had failed to provide information regarding applicable sentencing credits to the United States Probation Office. He also argued that, while the bank actually loaned the petitioner $127,981.78, the bank did not suffer that much loss. He further asserted that the petitioner should be given credit for amounts of money that the bank received pursuant to collateral pledging agreements from the sale of corporate assets and collections from the accounts receivable. The petitioner claimed that the bank received an additional $50,471.05 from J.J. Curran and Sons, $9,196.57 from the sale of real estate owned by the petitioner's corporation, $2,480.27 from the sale of certain equipment owned by the petitioner's corporation, and $1,065.00 from the sale of other

equipment owned by the petitioner's corporation. The petitioner argued that, therefore, the bank only suffered a loss of $64,768.89.

This Court denied these motions on the grounds that the evidence in the record indicated actual loss to the bank in excess of $127,981.78, the amount loaned to the defendant as a result of his criminal actions. The Court held that "it is more appropriate to attribute this credit to the total loss suffered by the Bank which would not affect the amount which defendant stipulated was loss caused by his own criminal actions." Order Denying Mot. Correct Sentencing at 4. The Court further held that the petitioner was not entitled to relief under U.S.S.G. § 2B1.1, Application Note 2E(i) because he did not return the money before the offense was detected.

The petitioner then filed a notice of appeal. His appeal was denied by the United States Court of Appeals for the Fourth Circuit by an order dated October 22, 2003.

The petitioner is now collaterally attacking his conviction and sentence on the following grounds:

1. This Court sentenced the defendant without regard to the mitigation provided for under U.S.S.G. § 2B1.1(E)(ii), and therefore imposed an illegal and irreversible sentence;

2. He received ineffective assistance of counsel because his attorney improperly counseled him to accept the plea agreement and the waiver of appellate rights, failed to present evidence to the

United States Probation Office of the credits from the bank's sale of collateral, and failed to object to the PSR within the appropriate time period.

The petitioner also asserted the following for the first time in his reply to the government's motion to dismiss and in his objections to the magistrate judge's report and recommendation:

1. That his counsel was ineffective in failing to prepare for the sentencing hearing and in failing to present written motions with supporting evidence relative to the proper application of the Sentencing Guidelines, and in ineptly drafting the motion to correct sentencing and supporting memorandum of law;

2. That he was denied his constitutional right to a fair trial and sentencing.

### III. Applicable Law

A. Rule 11 Requirements

Federal Rule of Criminal Procedure 11 governs the validity of guilty pleas. The court accepting a guilty plea must address the defendant personally in open court and inform him of the rights that he is waiving by changing his plea. Fed. R. Crim. P. 11(b). The court must also inquire as to whether the plea is voluntary. Id. In order to be valid, a guilty plea must be a "knowing, intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). Thus, if the defendant fails to understand his constitutional protections and the charges made

against him, the guilty plea is invalid and should not be accepted. Henderson v. Morgan, 426 U.S. 637, 645 (1976).

Rule 11 also requires the parties to disclose the terms of the plea agreement in open court. Fed. R. Crim. P. 11(c)(2). "The purpose of Rule 11 is not only to detect and reject involuntary and unknowing guilty pleas but also to produce a suitable record of the plea and plea agreement." United States v. Friedland, 879 F. Supp. 420, 427 (D.N.J. 1995). The disclosure of the plea agreement on the record is crucial, as "the record becomes the embodiment of the deal reached between the defendant and the prosecution." Id.

B.  Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated the standards used to measure ineffective assistance of counsel. The Court stated that "[t]he benchmark for judging any claim of ineffectiveness of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. Thus, in order to prove an ineffective assistance claim, a defendant must show that "counsel's performance was deficient" and that "counsel's errors were so serious as to deprive the defendant of a fair trial . . ." Id. at 687. Under this two-prong test, a claim will be successful only if (1) counsel made significant missteps, and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

7

In <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985), the Supreme Court concluded that the two-part inquiry established in <u>Strickland v. Washington</u> for determining the effectiveness of counsel also applies in cases in which the defendant pleads guilty. <u>Id.</u> at 57. Under this standard, a petitioner must first prove that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 687-88. In addition, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 U.S. at 59; <u>see also</u> <u>Hooper v. Garraghty</u>, 845 F.2d 471, 475 (4th Cir. 1988).

## IV. <u>Discussion</u>

After evaluating the claims asserted in the original petition, the magistrate judge entered a report and recommendation in which he made the following findings: (1) the petitioner's waiver of appellate rights bars all claims except those regarding ineffective assistance of counsel; and (2) petitioner has not demonstrated ineffective assistance of counsel. Based on these findings, the magistrate judge recommended that the petitioner's § 2255 motion be denied and dismissed.

In his objections, the petitioner claims that the magistrate judge improperly restricted his analysis only to three of the petitioner's claims. He argues that the report and recommendation should have addressed the arguments he raised in his reply to the government's motion to dismiss. In addition, he reiterates the

8

following: (1) the plea agreement was flawed and unenforceable because defense counsel and the Assistant United States Attorney caused the petitioner to misunderstand it; (2) his counsel was ineffective in failing to present mitigating evidence; (3) the PSR's calculation of the loss was inaccurate and prejudicial; (4) his counsel was ineffective because he was unprepared for the sentencing hearing; and (5) this Court may have a predisposed prejudice against the petitioner and may have jeopardized the petitioner's right to a fair and objective sentencing.

A. <u>Waiver</u>

First, this Court notes that the petitioner directly appealed his conviction and sentence on the grounds that this Court failed to apply the amounts received by the bank as credits under U.S.S.G. § 2B1.1. The Fourth Circuit dismissed the petitioner's appeal, finding that the petitioner waived his appellate rights in the plea agreement. Upon review of the record, Magistrate Judge Kaull again noted the petitioner's appellate waiver and found that all of his claims, with the exception of those related to ineffective assistance of counsel, were waived. This Court agrees with the magistrate judge that the petitioner's waiver of appellate rights bars all claims with the exception of his challenge to the voluntariness of his plea and his claims of ineffective assistance of counsel. <u>See</u> <u>United States v. Attar</u>, 38 F.3d 727, 732–33 (4th Cir. 1994), <u>cert. denied</u>, 514 U.S. 1107 (1995).

9

This Court next notes that several of the issues the petitioner raises in his objections were not addressed in his initial petition, and instead were raised for the first time in his response to the government's motion to dismiss. This Court finds that the magistrate judge did not err in failing to address these issues in his report and recommendation. "An appellant waives any issue which it does not adequately raise in its initial brief, because in 'preparing briefs and arguments, an appellee is entitled to rely on the content of an appellant's brief for the scope of the issues appealed.'" Playboy Enters. v. Public Serv. Comm'n, 906 F.2d 25, 40 (1st Cir. 1990)(quoting Pignons S.A. de Mecanique v. Polaroid Corp., 701 F.2d 1, 3 (1st Cir. 1983)(citations omitted)); see also Barrett v. United States, 965 F.2d 1184, 1187 n.3 (1st Cir. 1992)(applying principle in § 2255 action).

Accordingly, this Court will address only the following arguments: (1) whether defense counsel was ineffective in advising the petitioner to accept the plea agreement; see Pet'r's Mot. Vacate at 8; (2) whether the petitioner's plea was voluntary, based on representations made by defense counsel and the Assistant United States Attorney; see Pet'r's Mot. Vacate at 8-9; (3) whether defense counsel was ineffective in failing to present evidence regarding the sale of collateral assets to the United States Probation Office; see Pet'r's Mot. Vacate at 9; (4) whether defense counsel was ineffective in failing to object to the PSR; see

Pet'r's Mot. Vacate at 5, 11.[1]  This Court will address each of these arguments in turn.

B.  <u>Voluntariness of Plea</u>

The petitioner argues that his plea was not voluntary because "[w]hen entering into the Plea Agreement, it was the Petitioner's understanding, as was confirmed by both the Petitioner's counsel and the Assistant United States Attorney, that he would receive most if not all of the credits noted above and should be sentenced at a level that would allow for the minimum sentence."  Pet'r's Objections at 13.  He asserts that he only agreed to plead guilty in order to have the government's recommendation on his side.  <u>Id.</u>

"Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."  <u>Fields v. Att'y Gen. of Md.</u>, 956 F.2d 1290, 1299 (4th Cir. 1992).  In the present case, the petitioner represented during the plea colloquy that: (1) he understood and agreed with all of the terms and provisions of the plea agreement; (2) he understood that this Court was not bound by the sentencing recommendations made by the government in the plea agreement; (3) he did not believe that he had any other side agreements or deals with the government that were not contained in the plea agreement; (4) he understood that the plea agreement contained a waiver of his

---

[1] While the petitioner alludes to possible impropriety on the part of the undersigned judge in his original motion, he makes no formal argument and presents no evidence with respect to this claim.  <u>See</u> Pet'r's Mot. Vacate at 8. Thus, this Court will not consider that argument in its <u>de novo</u> review.

appellate rights and of his right to collaterally attack his sentence; (5) he understood that the maximum sentence he could receive was thirty years imprisonment; (6) he understood the consequences of pleading guilty; and (7) he was not threatened, harassed, or coerced to enter the plea. See Order Accepting Guilty Plea (Doc. No. 7). Moreover, the petitioner stated for the record that he understood that if the sentence he received was more severe than he hoped, he could not withdraw his guilty plea. Id. In addition, this Court notes that neither of the attorneys addressed any agreement regarding sentencing credits at the plea hearing, and the petitioner never raised the issue with the Court before entering his plea of guilty. Thus, given the petitioner's representations at the plea hearing, this Court is satisfied that the petitioner's plea was a "knowing, intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences." Brady, 397 U.S. at 748. Accordingly, this Court finds that the petitioner's contention that his plea was involuntary is without merit.

C. Ineffective Assistance of Counsel

The petitioner argues that his counsel was ineffective in the following respects: (1) advising the petitioner to accept the plea agreement; (2) failing to present evidence regarding the sale of collateral assets to the United States Probation Office; and (3) failing to object to the PSR. This Court will address each of these issues in turn.

12

1. <u>Plea Agreement</u>

The petitioner asserts that his counsel was ineffective in advising him to sign the plea agreement based on the understanding that he would present mitigating evidence at the appropriate time to reduce the offense level to 8 or below. The petitioner alleges that the Assistant United States Attorney further reinforced this belief in the petitioner. The petitioner claims that he agreed to plead guilty based on the representations that he would be sentenced at the "lowest possible level" pursuant to the government's recommendations. Pet'r's Objections at 13. He asserts that "had all of the consequences of the Plea Agreement been explained to [him], and had it not been for the assurances of [his] counsel and the government regarding the application of credits under the United States Sentencing Guideline § 2B1.1 application note 2(E)(ii), [he] would have rejected the Plea Agreement and chosen to go to trial." <u>Id.</u> at 15.

As previously noted, an ineffective assistance claim will be successful only if (1) counsel made significant missteps, and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. With respect to this issue, this Court can find no evidence that any error on the part of counsel in explaining the consequences of the plea changed the outcome of the proceeding. As previously noted, this Court conducted a colloquy at the plea hearing in which it explained to the petitioner all of the

consequences of a plea of guilty, and the petitioner indicated that he understood these consequences. Further, the Court explained that the petitioner could receive a sentence that was more severe than he hoped for, and that no one could know what his sentence would be until after the PSR was completed. The petitioner accepted these conditions during the colloquy. Accordingly, the petitioner's claim of ineffective assistance of counsel with respect to the advice given regarding a guilty plea is without merit. Any misinformation that counsel may have provided was corrected by this Court during the Rule 11 plea colloquy, and the petitioner stated for the record that he understood the consequences of his plea.

2. Production of Evidence to United States Probation Office

The petitioner also asserts that his attorney was deficient in failing to present information regarding the sale of collateral assets to the United States Probation Office. The magistrate judge found that this contention lacks merit because there is no evidence that the petitioner was prejudiced by his attorney's failure to present such information to the probation officer. The magistrate judge noted that the petitioner's counsel filed a motion to correct sentencing and placed this information before the Court, and the Court rejected the petitioner's argument that the sale of collateral assets should apply as a credit pursuant to U.S.S.G. § 2B1.1, Application Note 2(E)(i) and (ii). Thus, given the fact that this Court substantively addressed the issue and denied the

14

application of the credits, this Court cannot find that any failure on the part of petitioner's counsel to present this evidence in a timely fashion affected the outcome of the proceedings. Thus, this claim also lacks merit.

    3.    <u>Failure to Object to the Presentence Report</u>

The last argument that this Court will address is the petitioner's claim that his counsel failed to object to the PSR in a timely fashion. The magistrate judge found that this argument lacks merit because the petitioner's counsel moved for a downward departure at the sentencing hearing, and the Court, while noting that his objection was untimely, considered the merits of the objection and overruled it, sustaining the position of the probation officer. Thus, again, the petitioner has failed to demonstrate that the outcome of the proceedings would have been different if his attorney had filed a timely objection. Accordingly, this Court agrees with the magistrate judge that this claim of ineffective assistance also lacks merit.

## IV. <u>Conclusion</u>

Because, after a <u>de novo</u> review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objection to the report and recommendation lacks merit, and because the remaining findings are not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the petitioner's § 2255 motion is

DENIED and this civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 19, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE